## Shanahan, et al. v. McIntyre.

(Decided September 24, 1918.)

### Appeal from Washington Circuit Court.

1. Appeal and Error—Law of the Case.—The law as determined on the first appeal becomes the law of the case, binding upon parties and privies in all subsequent trials involving the same issues.

2. Appeal and Error—Pleading—Sufficiency.—In the absence of evidence heard by the trial court this court will presume, if the pleadings justify it, that the evidence was sufficient to authorize the judgment appealed from.

C. S. HILL and S. A. RUSSELL for appellants.

W. C. McCHORD for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is the second appeal of this case. The opinion upon the former appeal is reported in 169 Ky., 160, and it is there shown that the matter in controversy is less than a quarter of an acre of land, the value of which does not exceed $5.00, the litigation growing out of a dispute about the location of a division line. The first judgment locating the line was rendered by the Washington Circuit Court on June 11th, 1913, and the record on the first appeal was filed in this court on March 29, 1915. The court in that judgment, after determining from the evidence, which was quite extensive, where the line should be and how it should run, appointed a surveyor to run out and locate the line as found in the judgment. The appointed surveyor died before carrying out the directions of the court and another was appointed for that purpose, and he, after surveying the line as found by the judgment, made his report to the court, to which the defendants (appellants) filed exceptions, but upon evi-

dence heard by the court the exceptions were overruled, and from that order defendants prayed an appeal. The record when filed on the first appeal contained neither the report of the surveyor nor the exceptions filed thereto, but by proper orders from this court that omitted part of the record was brought here and considered upon the first appeal, to which reference is made in the former opinion of this court.

On the same day that the record on the first appeal was filed in this court the surveyor who located the line, under prior directions from the court, filed a report showing that he had placed stones on the line at proper places, and defendants filed exceptions to that report, but we do not find from the record that those exceptions were ever acted upon. After the return of the case, and on March 8th, 1917, defendants filed a motion to set aside the order confirming the report of the surveyor establishing the line, and to set aside his report under the order directing him to mark the line, because it is claimed that each of them was and is void, and that the marked line did not conform to the opinion of this court, nor did the surveyed line conform to the evidence in the case. This last motion was overruled, and from that order this appeal is prosecuted.

The trial court, in its judgment, directed each party to remove and relocate their fences so as to conform to the adjudged and marked line. Plaintiff, appellee here, applied for a rule to issue against defendants to show cause why they should not be punished for failing to comply with that order, and upon hearing defendants were adjudged guilty of contempt and fined $20.00, and were further directed to remove their fence within a designated time; but if not done within that time for the master commissioner to do it at defendants' cost. From this latter judgment defendants also prosecute an appeal.

The first opinion affirmed all of the judgment upon the original appeal, but reversed it on the cross-appeal, it involving only a question of costs. The correctness of the surveyor's report in surveying out the line as directed by the court was directly involved in the first appeal, and under a well established rule of this court it is now. *res adjudicata* between the parties and can not be again considered by us on this appeal. So that the part of the first judgment appealed from calling in

question the correctness of that survey can not be considered by us now. The other part of the first judgment appealed from by this second appeal, viz., the order overruling the exceptions to and seeking to set aside the surveyor's report marking the line by placing of stones, is equally exempt from consideration by us on this appeal, since the record contains no evidence which the court heard upon the trial of that motion. It is true that with the exceptions there is filed as an exhibit what purports to be a survey made by another surveyor which defendants claim to be different from the one made by the surveyor appointed by the court, and to be a correct one, but this can not be considered for the two reasons (1) that it does not come in the form of legal testimony, and (2) it seeks a reinvestigation of the first report made by the appointed surveyor, which we have seen can not be done on this second appeal. No rule is more firmly fixed in this court nor more steadily adhered to than the one that in the absence in the record of the evidence heard by the trial court this court will presume that it was sufficient to authorize the judgment appealed from. Under this rule we are compelled to presume that in passing upon the exceptions to the report of the surveyor with reference to marking the line by placing stones the court was justified by the evidence in entering this order appealed from. For the same reason we are prevented from considering the action of the court in adjudging the defendants guilty of contempt, since the record is equally barren of any testimony heard upon that issue.

It therefore results that each of the judgments appealed from will have to be and is affirmed.